RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 11/17/11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TANYA J. ROMERO | CIVIL ACTION NO.: 10-1549 |
| VERSUS | JUDGE HAIK |
| UNITED OF OMAHA LIFE INSURANCE COMPANY | MAGISTRATE JUDGE HILL |

## REASONS FOR JUDGMENT

### I. Facts

On September 8, 2010, Plaintiff Tanya J. Romero brought suit against United of Omaha Life Insurance Company in the 15th Judicial District of Louisiana to recover short term disability benefits. The action was removed to this Court on October 11, 2010. Plaintiff suffered a slip and fall accident on December 24, 2009, allegedly making her unable to return to work in either a full time or part time capacity. Accordingly, Plaintiff sought disability benefits from Defendant under her disability policy purchased through her employer. Under Defendant's disability policy, Defendant maintained discretion to determine eligibility for benefits:

> The Policyholder has delegated to Us the discretion to determine eligibility for benefits and to construe and interpret all terms and provisions of the Policy. Benefits under the Policy will be paid only if We decide, after exercising Our discretion, that the Insured Person is entitled to them.

Defendant provided Plaintiff with disability benefits through January 25, 2010 and subsequently denied Plaintiff's application for additional short term disability benefits. On September 23, 2011, Defendant filed this Motion for Summary Judgment, alleging that the administrator properly denied Plaintiff's disability benefits based on substantial evidence in the administrative record that Plaintiff was not disabled, and therefore, summary judgment should be entered in its favor.

### II. Defendant's Contentions

Defendant argues that it is entitled to summary judgment because its factual determination that Plaintiff is not entitled to short term disability benefits is subject to great deference and cannot be disturbed without a showing of abuse of discretion, which Plaintiff is unable to establish. Specifically, Defendant argues that its administrator, in denying Plaintiff benefits, based its decision on substantial evidence in the record and did not act arbitrarily or capriciously since the administrative record shows (1) gaps in medical treatment in the period

1

soon after Plaintiff's accident; (2) "normal" findings throughout the record by Plaintiff's treating physicians; and (3) Plaintiff's own treating physician's inability to complete a required form.

First, Defendant emphasizes alleged "gaps" in Plaintiff's medical treatment. In particular, Defendant points out that there was more than a three-week period between Plaintiff's accident and first treatment (December 24, 2009) and Plaintiff's follow up treatment for the same injuries (January 17, 2010). Also, Defendant argues that subsequent to her first follow-up treatment, more than a month elapsed before Plaintiff began seeing her regular physician, Dr. Mack, for treatment related to her alleged injuries. Thus, as Defendant argues, for a two month period following the accident, Plaintiff received very little treatment for her injuries. In fact, Defendant highlights that Plaintiff did not begin receiving regular monthly treatments until after her application for short term disability benefits.

Second, Defendant argues that medical "examination after examination" of Plaintiff showed that she had normal findings by physicians.[1] In fact, as Defendant argues, none of the testing performed by Plaintiff's own physicians presented any evidence of nerve impingement or compression, sensory or motor deficit, or focal neurological deficit. Defendant also stresses that none of Plaintiff's physicians ever suggested in any way that her injuries warranted surgery or similar invasive procedures, or ever performed a functional limitations test to determine if and when Plaintiff could return to work. Defendant notes that its own nurse case manager and physician reviewed Plaintiff's record and found the mild degenerative changes in her spine reflected in the MRI results are common in individuals in Plaintiff's age group. Defendant contends that Plaintiff provided absolutely no evidence showing any restriction on her ability to return to work in either a part time or full time capacity.

Third, Defendant argues that Dr. Mack was unable to provide any answers in Plaintiff's application for benefits concerning functional and mental limitations. In fact, Dr. Mack advised in his statement that his office did not perform these types of evaluations. Defendant contends that this lack of evidence regarding limitations coupled with Plaintiff's "normal" findings and gaps in treatment provided the administrator with substantial evidence to deny Plaintiff's application for short term disability benefits. Defendant further contends that its administrator acted well within its discretion by relying on the expert opinions of its case manager and physician despite the presence of conflict in expert opinions proposed by Plaintiff's physicians.[2] Based on all of this evidence, Defendant argues that no genuine issues of material fact remain and asks that summary judgment be entered in its favor.

---

[1] E.g., normal range of motion in her neck with tenderness in the trapezius musculature and no spasm; normal range of motion in her back with pain at forward flexion and tender in the paraspinouis musculation in the thoracolubar region with no spasm; full range of motion in left shoulder; normal thoracic and lumbar x-rays.

[2] In support of its argument, Defendant relies on *Cory v. Liberty Life Assurance Company of Boston*, 499 F.3d 389, 401, for the proposition that even with a "battle of experts" the administrator "is vested with discretion to choose one side over the other."

## III. Plaintiff's Opposition

Plaintiff wholly opposes Defendant's motion for summary judgment because Plaintiff believes that significant issues of material fact remain in this case. Foremost, Plaintiff opposes Defendant's assertion that its administrator's decision is owed great deference. Rather, Plaintiff argues that the administrator's decision is not entitled to deference because of its conflict of interest: Defendant is both the insurer who would be liable to pay the benefits and also the plan administrator with discretion to determine eligibility for benefits under the policy. As a result of this conflict and the fact that Defendant would potentially benefit from every denied claim, Plaintiff argues that this Court should apply a "sliding scale" standard and accord the decision of the administrator less than full deference.

To support her argument that she is entitled to short term disability benefits, Plaintiff partly relies on the fact that she previously received disability benefits from Defendant for approximately one month after the accident until January 25, 2010. As Plaintiff argues, it would seem logical, then, that Plaintiff's disability benefits would continue for such time as her condition continued and worsened.

Plaintiff also argues that there were no "gaps" in her treatment as Defendant alleges. Plaintiff was treated on the date of her injury, a few weeks after the injury, a month later as ordered by Dr. Mack, and then prescribed periodic therapy treatments and monthly prescribed follow up visits. As such, Plaintiff contends that one of the bases of her denial of benefits by Defendant is purely fiction. Additionally, Plaintiff argues that Defendant's reliance on the fact that Dr. Mack did not fully fill out a form to deny her benefits is arbitrary and insufficient justification to deny an injured person the disability benefits she is entitled.

In response to Defendant's significant reliance on Plaintiff's alleged "normal" findings in her examinations, Plaintiff argues that Defendant's argument is essentially exaggerated, misplaced and omits noteworthy evidence. Specifically, Plaintiff contends that Defendant selectively disregarded much of her record that evidenced she was disabled. In particular, Plaintiff's treating physicians objectively documented the existence of sciatica and radiculopathy in her lower extremity; a positive straight leg raise on her left side; musculoligamentous strains of the cervical, lumbar, and thoracic spines; degeneration and dehydration of disc at L4-5; kyphosis at the C4-5 level; and paracentral protrusion at the C5-6 level. In addition to these objective diagnoses, Plaintiff also asserts that the record contained significant subjective factors such as pain with certain ranges of motion; tenderness in her neck; and radiating pain in her left arm and down her left leg. Plaintiff's physicians prescribed her pain mediation and required her to undergo conservative therapy sessions three times a week, and now claim that Plaintiff requires surgery.[3] Additionally, Dr. Cobb, her orthopedic surgeon, recommended Plaintiff receive an epidural steroid injection, which Plaintiff did. Most importantly, Plaintiff contends

---

[3] Plaintiff did not claim that she requires surgery until after the completion of the administrative appeal. As a result, this information is not in the administrative record and the Court will not consider this evidence. *Vega v. National Life Ins. Servs. Inc.*, 188 F.3d 287, 300 ("We therefore stand by our precedent and reaffirm that, with respect to material factual determinations . . . the court may not consider evidence that is not part of the administrative record.")

3

that during the entire course of her treatment, Plaintiff's treating physicians ordered that she be precluded from employment. Plaintiff posits that these findings are anything but "normal."

Plaintiff also places emphasis on the fact that Defendant's case manager and physician who reviewed her record did not perform any testing or physical examination on Plaintiff. In fact, Plaintiff asserts that this physician did not even review the actual MRI films themselves. Rather, this physician, who is not specialized in orthopedics, simply read the MRI reports and made conclusions based on the reports alone. Additionally, Plaintiff contends that Defendant arbitrarily disregarded all of her subjective pain complaints. Based on all of this evidence, Plaintiff avers that Defendant's denial of her short term disability benefits was not based on substantial evidence, and thus, issues of material fact remain in this case.

## IV. Analysis

### A. <u>Standard of Review</u>

#### 1. Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when the record establishes "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." When considering a motion for summary judgment, the moving party has the burden of demonstrating that it is entitled to summary judgment and the court must view all of the evidence in the light most favorable to the non-moving party. *Gillis v. Louisiana*, 294 F.3d 755, 758 (5th Cir. 2002); *see, Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

#### 2. Abuse of Discretion Standard

The insurance policy at issue delegates discretion to Defendant to determine eligibility for benefits. According to case law, such discretionary authority, and the decisions pursuant to this authority, are subject to great deference, and require an abuse of discretion standard for its review. *See, Vega v. National Life Ins. Servs., Inc.*, 188 F.3d 287, 295 (5th Cir. 1999) (*Vega*). In applying the abuse of discretion standard in cases reviewing an administrator's decision, such as this one, courts must analyze whether the plan administrator acted arbitrarily or capriciously. *Meditrust Fin. Servs. Corp. v. Sterling*, 168 F.3d 211, 214 (5th Cir. 1999). A decision is arbitrary if it is made "without a rational connection between the known facts and the decision or between the found facts and the evidence." *Bellaire Gen. Hosp. v. Blue Cross Blue Shield of Michigan*, 97 F.3d 822, 828 (5th Cir. 1996). Significantly, a plan administrator's decision to deny benefits must be supported by substantial evidence. *Ellis v. Liberty Life Assurance Co. of Boston*, 394 F.3d 262, 274 (5th Cir. 2004).

If there is a conflict of interest present, however, courts must impose a sliding-scale component to its abuse of discretion standard, wherein courts give less deference to the administrator's decision in proportion to the administrator's apparent conflict. *Vega*, 188 F.3d at 296. The greater the evidence of conflict on the part of the administrator, the less deferential [the

4

court's] abuse of discretion standard will be." *Id.* at 297. In other words, the presence of a conflict must be weighed as a factor in determining whether the administrator abused its discretion in denying a claim. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *Vega*, 188 F.3d at 297.

Plaintiff argues that a conflict of interest exists here because Defendant is both the administrator of the plan and insurer of the plan. Consequently, the administrator who made the decision to deny Plaintiff benefits had a financial incentive in denying her claim. We agree. Therefore, this Court must apply the "sliding scale" standard and give less deference to the administrator's decision. Because the Plaintiff did not provide evidence regarding the extent or degree of conflict, the Court will review the decision of the administrator "with only a modicum of less deference [it] otherwise would." *Vega*, 188 F.3d at 301.

### B. Review Of The Record Reveals The Administrator Acted Arbitrarily And Capriciously, Abusing His Discretion

#### 1. The Record Is Ripe With Both Subjective And Objective Medical Findings Supporting Plaintiff's Entitlement To Benefits

##### a. Objective Findings

Plan administrators are not required to "accord special weight to the opinions of a claimant's physician" and can choose between conflicting opinions. *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 831 (2003) (*Nord*); *Cory v. Liberty Life Assur. Co. of Boston*, 499 F.3d 389, 401 (5th Cir. 2007); *see also, Vercher v. Alexander & Alexander*, 379 F.3d 222, 232-33 (5th Cir. 2004). However, plan administrators "may not arbitrarily refuse to credit a claimant's reliable evidence, including the opinions of a treating physician." *Nord*, 538 U.S. at 834. "Therefore a plan administrator must consider all of the evidence before it." *Adams v. Metropolitan Life Ins. Co.*, 549 F.Supp.2d 775, 790 (M.D. La. 2007) (*Adams*).

Here, the crux of Defendant's reason for denying Plaintiff benefits was her alleged "normal" medical findings. However, this conclusion can only arise by selectively disregarding many of the findings in the administrative record. Specifically, Plaintiff's treating physicians objectively documented the existence of sciatica and radiculopathy in her lower extremity, a positive straight leg raise on her left side, musculoligamentous strains of the cervical, lumbar, and thoracic spines, degeneration and dehydration of disc at L4-5, kyphosis at the C4-5 level, and paracentral protrusion at the C5-6 level. As a result, Plaintiff was forced to take pain medication, received a steroid injection, and was required to attend therapy sessions three times a week. Significantly, Plaintiff's treating physicians ordered that she be precluded from employment. Although Defendant is correct that it is not bound by her physicians' findings, Defendant is not allowed to arbitrarily reject these findings. It seems that is the case here.

Furthermore, Defendant's argument that it denied her benefits based on alleged "gaps" in her medical treatment is equally unpersuasive, as not all patients undergo similar medical treatment. Interestingly, one of the alleged gaps Defendant refers to included the period that

Defendant *provided Plaintiff with benefits*, thus evidencing an arbitrary decision. As a result, Defendant's conclusion that Plaintiff was not entitled to benefits because she had gaps in her treatment and had "normal" findings is not supported by substantial evidence.[4]

### b. Subjective Findings

Plaintiff argues that the reviewing physician arbitrarily disregarded her subjective complaints without even examining her. Some case law is in opposition to Plaintiff's assertion. *Gooden v. Provident Life & Accident Ins. Co.*, 250 F.3d 329, 335 (5th Cir. 2001) (holding the administrator did not abuse its discretion by relying on its own physician's assessment, even though that physician never examined the plaintiff); *Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc.*, 168 F.3d 211, 215 (5th Cir. 1999) (finding that the administrator of a disability plan did not abuse its discretion by denying a claim after reviewing the claimant's hospital records, and having its physicians, who were not specialists, review the claim).

However, there is also case law supporting Plaintiff's position. In *Adams,* the plaintiff asserted a similar argument. 549 F.Supp.2d at 790. There, the court found that its case did not fit squarely within the case law cited above because its case involved subjective factors, whereas in *Gooden* all of the evidence was objective. *Id.* Specifically, the plaintiff in *Adams* had subjective headache complaints. *Id.* Accordingly, the court found the "fact that only a file review was conducted [was] relevant" and took into consideration that the plaintiff was never examined by the independent physician consultant. *Id.*, referencing *Calvert v. Firstar Finance, Inc.*, 409 F.3d 286, 296-97 (6th Cir. 2005) (taking into account that the physician who concluded that the plaintiff's claims of subjective pain were not credible never met or examined the plaintiff).

Furthermore, many cases have held that subjective accounts cannot be summarily dismissed. *Schully v. Cont'l Cas. Co.*, 634 F.Supp.2d 663, 683 (E.D. La. 2009), aff'd 380 Fed.Appx. 437 (5th Cir. 2010) ("[a]lthough the plan administrator was free to offer credible evidence refuting the plaintiff's subjective complaints of pain, it had abused its discretion in part because it had simply failed to consider the plaintiff's reported symptoms."); *Audino v. Raytheon Co. Short Term Disability Plan*, 129 Fed.Appx 882, 885 (5th Cir. 2005), quoting *Lain v. UNUM Life Ins. Co. of Am.*, 279 F.3d 337, 347 (5th Cir. 2002) ("[w]e have recognized that pain cannot always be objectively quantified and have faulted an administrator for 'focus[ing] on [] tests, rather than the pain and its effect'."); *Adams*, 549 F.Supp.2d at 792-93 (the "wholesale ignorance of the plaintiff's subjective complaints was in error"); *Gellerman v. Jefferson Pilot Fin. Ins. Co.*, 376 F.Supp.2d 724, 734 (S.D. Tex. 2005) ("defendants are not free to ignore the plaintiff's chronic and severe pain . . . ."); *Pollini v. Ratheon disability Employee Trust*, 54 F.Supp.2d 54, 59-60 (D. Mass. 1999) (concluding it was "unreasonable to ignore the assessments of pain made by several trained medical professionals").

---

[4] The Court is also skeptical of Defendant's January 25, 2010 cut-off date for Plaintiff's benefits. Although the Court rejects Plaintiff's argument that she is entitled to benefits after January 25 simply because she received benefits before January 25, there seems to be no evidence in the record explaining *why* Plaintiff was deemed disabled before January 25 but not after January 25.

Plaintiff's administrative record, here, is replete with significant accounts of subjective pain, including pain with certain ranges of motion, tenderness in her neck, and radiating pain in her left arm and down her left leg. Similar to the finding in *Adams*, this Court also deems the fact that Defendant's physician never personally examined Plaintiff to be relevant. Additionally, similar to the cases cited above, Defendant's unexplained reason for discounting and/or selectively disregarding Plaintiff's subjective complaints of pain was arbitrary and not supported by substantial evidence.

> 2. Defendant's Remaining Argument Regarding Dr. Mack's Deficient Form Is Insufficient To Support Denial Of Plaintiff's Benefits Based On Substantial Evidence

In order to receive short term disability benefits under Defendant's policy, Plaintiff had to be (1) prevented from performing at least one of the material duties of her job on a part time or full time basis, and (2) unable to generate current earnings, which exceed 80% of her weekly earning due to the same injury. According to the policy, "Disability is determined relative to [Plaintiff's] ability or inability to work." Plaintiff's position as a "production laborer" is described as a "medium" strength position with a maximum lifting of 50 pounds and frequent lifting and carrying of up to 25 pounds.

Defendant makes a persuasive argument in regards to Dr. Mack's inability to fill out Defendant's required paperwork regarding Plaintiff's functional or mental limitations. Ostensibly, this information is essential to the administrator to make an informed decision. However, this argument alone is simply insufficient to qualify as "substantial evidence" to deny Plaintiff benefits. Moreover, other parts of the record reveal evidence of Plaintiff's limitations. Significantly, both of Plaintiff's treating physicians precluded her from performing not just one material function of her job, but precluded her from working all together. Furthermore, although not determinative, the fact that Defendant already determined Plaintiff could not perform at least one material duty (from December 24, 2009 until January 25, 2010) is persuasive, especially when it is unclear what changed after January 25, 2010. As a result, Defendant's denial of Plaintiff's benefits based on a deficient form is not based on substantial evidence.

## V. Conclusion

The Court has reviewed the record and considered Defendant's motion for summary judgment pursuant to an abuse of discretion standard required, viewing Defendant's decision to deny Plaintiff's benefits with slightly less deference since Defendant has a conflict of interest. In light of the fact that the record contains both objective and subjective medical findings supporting Plaintiff's status as disabled, this Court finds that Defendant's decision to deny Plaintiff's benefits was not supported by substantial evidence, and that the administrator abused his discretion. Accordingly, this Court finds that there remain significant issues of material fact in this case.

For the reasons set forth above, Defendant's Motion for Summary Judgment [Doc. 19] is hereby **DENIED**.

THUS DONE AND SIGNED at Lafayette, Louisiana on this ___17th___ day of November, 2011.

_____
HONORABLE RICHARD T. HAIK, SR.
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 11/17/11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TANYA J. ROMERO | CIVIL ACTION NO.: 10-1549 |
| VERSUS | JUDGE HAIK |
| UNITED OF OMAHA LIFE INSURANCE COMPANY | MAGISTRATE JUDGE HILL |

## JUDGMENT

It is hereby Ordered, Adjudged and Decreed that Defendant's Motion for Summary Judgment [Doc. 19] is hereby **DENIED**.

**THUS DONE AND SIGNED** at Lafayette, Louisiana on this 17th day of November, 2011.

HONORABLE RICHARD T. HAIK, SR.
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA